In re SNOW'S ESTATE.

CLAIM OF WELLS.

1. ESTATES OF DECEDENTS—PERSONAL SERVICES—WEEKLY COMPENSATION—VERDICT OF JURY—EVIDENCE.

   In practical nurse's claim for $30 per week against estate of deceased person for whom she had performed service as a practical nurse for two years and three months before his death during his illness with Parkinson's disease, evidence *held,* to support jury's verdict for claimant notwithstanding administrator's claim that $10 a week given by deceased to plaintiff's husband was intended to cover all services rendered by plaintiff and her husband, where evidence establishes that the services were not to be gratuitous and record does not show what the $10 payment was to cover, that deceased intended to pay and plaintiff and her husband expected to receive compensation.

2. HUSBAND AND WIFE—MARRIED WOMAN'S EARNINGS RESULTING FROM PERSONAL EFFORTS.

   Husband of woman who performed services of a specialized nature as a practical nurse was not entitled to remuneration for such services by reason of the marital relationship since she is entitled to all her earnings resulting from her personal efforts (3 Comp. Laws 1929, § 13061).

Appeal from Kent; Brown (William B.), J. Submitted April 13, 1948. (Docket No. 20, Calendar No. 43,938.) Decided May 18, 1948. Rehearing denied June 29, 1948.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am. Jur., Executors and Administrators, § 327.
[2] 27 Am. Jur., Husband and Wife, §§ 465, 466, 472, 473.
[2] Right of married woman to maintain action for board or lodging of, or services rendered to, a third person living in the home. 46 L.R.A.(N.S.) 238.
[2] Consent of husband to rendition of services by wife as prerequisite to her recovery therefor. 9 A.L.R. 1303.

In the matter of the estate of Elbert H. Snow, deceased. Ruth Wells filed her claim for compensation for services rendered the deceased during his lifetime. Verdict for the plaintiff. Judgment for the estate *non obstante veredicto*. Plaintiff appeals. Reversed and remanded for entry of judgment on the verdict.

*Fred P. Geib* and *Clem H. Block,* for plaintiff.

*Laurence W. Smith,* for defendant.

Butzel, J. In many respects, the questions of law and fact involved herein are very similar to those presented in *Re Snow's Estate,* 319 Mich. 333. To avoid repetition, we refer to that opinion for many of the facts as to how decedent, physically handicapped and afflicted with Parkinson's disease, came to and was cared for in the Wells' home.

Ruth Wells, claimant, is the wife of Alvin Wells, whose claim for services rendered to the decedent during his lifetime was upheld by us in the cited case. She filed an independent claim against the estate for $30 a week aggregating $3,570 for practical nursing services rendered the decedent during a period of over two years and three months immediately preceding his death. The administrator of the estate contested the claim, and upon a trial before a jury a verdict for the full amount was rendered. Upon motion, the trial judge rendered a judgment *non obstante veredicto* in favor of the estate. Claimant appeals.

The record leaves no doubt but that plaintiff rendered very valuable services to the decedent, that were fully worth the amount for which claim was made. Claimant has had over 20 years' experience as a practical nurse, and there is no question but that she gave the decedent exceptionally

good care and attention during his illness. He became almost as helpless as an infant; he had to be fed, cleaned, bathed, and shaved. There were other extremely disagreeable duties that had to be performed. See *In re Snow's Estate, supra.*

Defendant's main contention is that there was a lack of proof of a definite contract for claimant's services. He points out that the decedent paid Mr. and Mrs. Wells $10 a week while he was living at their house, and contends that if Mr. and Mrs. Wells made a bad bargain, they nevertheless must abide by it. The record does not show any definite contract as to what the $10 a week was to cover. There was evidence that decedent expected to compensate the Wells' for their services to him, and that they expected to receive compensation, *i. e.,* that the services were not intended to be gratuitous. There is some testimony that claimant and her husband were given reason to expect compensation through decedent's devising to them a house and lot in Grand Rapids. A Mrs. Bartholic, niece of the claimant and of the decedent, who inherits one-half of the entire estate under the decedent's will, testified as follows:

"It was after he decided to go to the home of Mr. and Mrs. Wells and he discussed the fact that if he went out there and made his home there, there should be some provision made for Mr. and Mrs. Wells to compensate them for taking care of him. At that time he asked me to call to his home the lawyer who looked after his legal matters."

The factual question as to whether or not the $10 a week was intended to cover claimant's services as a nurse was submitted to the jury by the trial judge under proper instructions, and the jury held that it did not. There was evidence to sustain this verdict. After so submitting the question to the

jury, the judge in his opinion setting aside the verdict intimated that in his opinion the $10 a week was intended to cover all services rendered by the Wells' to the decedent. This issue was for the jury, and the trial judge was in error in invading its province.

Defendants also contend that claimant may not sue in her own name for services rendered in the home of herself and her husband where an assignment or release from the husband has not been obtained. The fundamental premise upon which this argument is based is that a husband is entitled to the domestic services of his wife by virtue of the existence of the marital relationship. But here, the services rendered to the deceased were not, strictly speaking, household duties, but were services of a specialized nature which the claimant was able to perform by virtue of her many years experience as a practical nurse. A married woman is entitled to all her earnings resulting from her personal efforts. 3 Comp. Laws 1929, § 13061 (Stat. Ann. § 26.171).

The judgment for defendant is reversed, and the case remanded to the trial court with instruction to enter a judgment in favor of claimant in accordance with the verdict of the jury. Claimant will recover costs in both courts.

Bushnell, C. J., and Sharpe, Boyles, Reid, North, Dethmers, and Carr, JJ., concurred.